# 98 DTA 126

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN**

CONTINENTAL LORD TELECOMMUNICATIONS, INC.
Patrono-Recurrente

v.

CORPORACION DEL FONDO DEL SEGURO DEL ESTADO
Aseguradora-Recurrida

Núm. KLRA-97-00794

San Juan, Puerto Rico, a 18 de marzo de 1998

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano
y los Jueces Giménez Muñoz y Miranda de Hostos

Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Continental Lord Telecommunications, Inc. (Continental Lord) nos solicita revisión de la resolución de la Comisión Industrial (la Comisión) mediante la cual se desestimó su petición de revisión de primas. En dicha resolución la Comisión dejó en toda su fuerza y vigor la reclasificación de las pólizas impuesta a Continental Lord por el Fondo del Seguro del Estado (el Fondo) para los años 1982-83, 1983-84 y 1984-85.

En su recurso ante este Tribunal, Continental Lord plantea que la Comisión erró al no hacer las determinaciones de hechos que le solicitó, al no concluir que el Fondo estaba impedido de reclasificar las pólizas en cuestión, al concluir que la clasificación aplicable en las pólizas era la clave 6325-266 y al no resolver que la aplicación de esa clave en su caso le violaba su derecho a igual protección de las leyes.

Analizados los planteamientos de las partes a la luz del expediente y las normas legales y reglamentarias aplicables, procede denegar la expedición del recurso.

La controversia real en este caso se circunscribe a determinar si el Fondo actuó dentro del marco de la ley que le faculta a fijar primas para regir las industrias, al reclasificar las pólizas del patrono Continental Lord. Esta controversia surge debido a que el Fondo, luego de haber expedido y liquidado varias pólizas eventuales a Continental Lord durante el período de 1983-1985 bajo la clasificación 7600-330, reclasificó en 1988 éstas bajo la clave 6325-266. Como consecuencia de ello, el Fondo le solicitó cobro de primas adicionales, lo que motivó que Continental Lord instara petición de revisión de primas ante la Comisión.

La Comisión, en la resolución recurrida, desestimó la petición de Continental Lord, luego de expresar las determinaciones de hechos y las conclusiones de derecho en que basó su decisión.

Continental Lord refuta en su recurso que se le aplique la clasificación 6325-266, bajo el argumento de que ésta aplica a la construcción de facilidades telefónicas y dicha entidad no se dedica a la construcción, sino al tendido de líneas telefónicas. Las disposiciones legales y reglamentarias

pertinentes al asunto no le dan la razón en su posición.

La Ley de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 de 18 de abril de 1935, según enmendada, es clara en cuanto al deber del patrono de asegurar a sus obreros o empleados en el Fondo y de pagar el importe que corresponda, de acuerdo con los tipos fijados por el Administrador del Fondo. Las inmunidades del patrono provistas por la ley por accidentes de sus obreros o empleados no surtirán efecto legal hasta que éste no efectúe el pago de las primas correspondientes. Esto es, mientras no se pague la prima total, el patrono se considera como no asegurado. Artículos 18 y 27 de la Ley Núm. 45, 11 L.P.R.A. secs. 19 y 28

Conforme las disposiciones de ley aplicables, corresponde al Administrador del Fondo preparar las listas y clasificaciones, fijar las primas para regir los oficios o industrias de conformidad con los reglamentos que adopte, y revisar dichas clasificaciones, de acuerdo a los datos acumulados en la práctica de seguros, la experiencia, estadísticas de peligros y riesgos. Artículo 23 de la Ley Núm. 45, *supra*, 11 L.P.R.A sec. 24. El Reglamento para Gobernar el Seguro de Compensaciones por Accidentes del Trabajo, regula lo concerniente a las pólizas que se expidan, renueven, amplíen, ajusten, cancelen o liquiden a partir de 1979.

El Manual de Clasificaciones de oficios e industrias y de tipo de seguros define las clasificaciones a que se refiere este recurso de la manera siguiente: (1) la clave 6325-266, aplicable a la construcción e instalación de conductos para líneas telefónicas, eléctricas o telegráficas bajo tierra; (2) la clave 7600-300, aplicable a empresas de teléfonos, telégrafos y estaciones inalámbricas, e incluye todas sus operaciones, tales como conservación de edificios y líneas, tendido de líneas, conexiones. Apéndice 1 de la oposición, págs. 2 y 3-A.

La determinación del Fondo de reclasificar las pólizas del recurrente estuvo basada en la investigación resultante de una auditoría sobre los trabajos de éste, luego de un accidente no cubierto por el Fondo sufrido por un obrero en uno de sus proyectos. De esa investigación surgió que la clasificación que cubría el riesgo era la construcción (clave 6325-266) y no la de telefonía (clave 7600-330), por lo que se procedió por el Fondo a la reclasificación de la nómina y al envío de las notificaciones de cobro de primas cuestionadas.

En el procedimiento de revisión de esa actuación, la Comisión tuvo oportunidad de aquilatar prueba documental y testifical en torno a la alegación de Continental Lord de que se dedica al tendido de líneas telefónicas y que le corresponde la clasificación 7600-330. Evaluó así mismo la prueba ofrecida por el Fondo, y dictaminó que el trabajo de Continental Lord conlleva el riesgo de construcción, y sostuvo la determinación del Fondo de aplicarle la clasificación 6325-266.

Es claro principio en la revisión judicial de las decisiones administrativas basadas principalmente en determinaciones de hechos, que éstas serán sostenidas en ausencia de prejuicio, pasión, parcialidad, error manifiesto, abuso de discreción, o si están basadas en el expediente. *Misión Industrial v. Junta de Planificación*, ___ D.P.R ___(1997), **97 J.T.S. 34,** pág. 728; Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sección 2175

Las facultades legales y reglamentarias que facultan al Fondo para tomar la decisión de reclasificación conforme al oficio o la industria, son claras. El asunto planteado en este caso en cuanto a la clasificación que corresponde, se refiere realmente a las determinaciones de hechos en torno a la operación a la que se dedica Continental Lord y los riesgos a que están sujetos sus obreros y empleados para darles la debida protección de la ley que administra el Fondo. La prueba obrante en el expediente, evaluada por la Comisión, respalda su determinación en cuanto a la operación de Continental Lord y los riesgos de sus empleados. No hay base o fundamento para intervenir con la reclasificación adjudicada.

Entendemos que es irrelevante la alegación de error respecto a la denegatoria de la Comisión de las determinaciones de hechos adicionales solicitadas por Continental Lord. Hemos examinado dicha solicitud y su contenido sobre alegados hechos no controvertidos, no varían el resultado dictaminado por la Comisión.

Continental Lord plantea que el Fondo estaba impedido por el Reglamento y por la doctrina de incuria de notificar en 1988 el cobro de primas sobre las pólizas expedidas desde 1983 a 1985. Invoca la disposición del Reglamento para Gobernar el Seguro de Compensaciones por Accidentes del Trabajo, en la disposición que le concede al Fondo quince (15) días de expedida una póliza para hacer cualquier cambio en los tipos o clasificaciones. Regla X, sec. 7(a). El hecho que esa disposición provea para cambios dentro del aludido período, no excluye la facultad del Fondo para reclasificar las primas, dependiendo de las circunstancias particulares que den lugar a esa actuación. Dichas circunstancias comprenden, entre otras, la información incompleta provista por el patrono en la que se basó el Fondo para la clasificación original, la no inclusión en esa información de todas sus operaciones, y el resultado de investigaciones posteriores que revelen que el patrono está al descubierto en cuanto al seguro por compensación de sus empleados. Esas circunstancias estuvieron presentes en este caso, según surge del expediente. Bajo su facultad de investigar y revisar las nóminas en que se basan las cuotas impuestas a los patronos, sobre lo que la ley ni el Reglamento aludido imponen período específico, el Fondo reclasificó las que son objeto de revisión en este caso, luego de mediar las circunstancias antes señaladas La disposición reglamentaria que invoca el recurrente no excluye el ejercicio de esa revisión, cuando el Fondo advenga en conocimiento de información proveniente de investigaciones en etapa posterior, como sucedió en este caso.

Respecto al reclamo de la aplicación de la doctrina de incuria, entendemos que no erró la Comisión en su dictamen, consistente en que el término de tres (3) años para la intervención retroactiva en este caso fue razonable. No hay fundamentos convincentes para variar esa determinación. Por el contrario, el apoyo jurisprudencial invocado por la Comisión para la razonabilidad del término nos parece acertado.

Finalmente, no erró la Comisión al desestimar la alegación de inconstitucionalidad en la aplicación de la ley formulada por Continental Lord, a base de trato diferente con la Puerto Rico Telephone Co. (P.R.T.C). y la Autoridad de Comunicaciones. Esa alegación se basó en lo declarado por una auditora en las vistas administrativas, a los efectos de que de haberse realizado los trabajos en cuestión por la P.R.T.C. o la Autoridad de Comunicaciones, la clave de riesgo aplicable sería la 7600. El recurrente insiste en su recurso que las aludidas expresiones de la auditora demuestran que *"para situaciones idénticas se aplica un trato diferente basado única y exclusivamente en quién es el patrono de los empleados"*, lo que configura violación al derecho constitucional a la igual protección de las leyes. De esas expresiones colige el recurrente, además, que no hay criterio razonable para la distinción.

El planteamiento constitucional fue descartado por la Comisión por los fundamentos siguientes: está basado en conjeturas, existe distinción en las operaciones de telefonía de los patronos públicos y de construcción del patrono privado, no se demostró actuación constitutiva de aplicación inconstitucional. Coincidimos que esos fundamentos son válidos y que son igualmente aplicables a la reiteración del argumento constitucional ante este foro.

En virtud de todo lo anterior, se deniega la expedición del recurso.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General